IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAFFIC LAW CENTER OF<br>SULLIVAN & ASSOCIATES, LLC<br><br>Plaintiff,<br><br>v.<br><br>BOSLEY AND ASSOCIATES, LLC<br><br>Defendant. | )<br>)<br>)  Case No.<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Traffic Law Center of Sullivan & Associates, LLC ("Traffic Law Center"), for its Complaint against Defendant Bosley and Associates, LLC ("Bosley"), hereby states as follows:

## PARTIES

1.   Traffic Law Center is a Missouri limited liability company with its principal place of business at 13930 Manchester Road, Ballwin, Missouri 63011.

2.   Upon information and belief, Bosley is a Missouri limited liability company with its principal place of business at 611 North 10th Street, Saint Louis, Missouri 63101.

## JURISDICTION AND VENUE

3.   Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (trademarks) and 15 U.S.C. § 1121.  Traffic Law Center's claims in Counts I & II arise under the laws of the United States, specifically 15 U.S.C. §§ 1114 and 1125.  Subject matter jurisdiction exists over Traffic Law Center's state law counts under 28 U.S.C. § 1367(a) because the claims are so related they form part of the same case or controversy.

4996373

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) as Bosley resides within the jurisdictional boundaries of the Eastern District of Missouri.  On information and belief, Bosley also conducts business in this judicial district and is subject to personal jurisdiction here.  Further, a substantial part of the events giving rise to Traffic Law Center's claims herein occurred within this judicial district.

## FACTS COMMON TO ALL COUNTS

## TRAFFIC LAW CENTER'S MARKS

5.      Traffic Law Center is the assignee of two Federal Registrations for distinctive marks that include the phrase TRAFFIC LAW CENTER ("TLC Marks").[1]  Traffic Law Center uses the TLC Marks in connection with its operations, which include providing legal services primarily in the States of Missouri, Illinois and Kansas.  Traffic Law Center's registrations for the TLC Marks are listed on the United States Principal Trademark Register as Nos. 3,059,766 and 2,371,197.  These Registrations are valid and subsisting, and copies of the Registrations are attached to this Complaint as **Group Exhibit A.**

6.      Reg. No. 3,059,766 covers the mark TRAFFIC LAW CENTER in a standard character format and covers the services of *"legal services"* in International Class 42.

7.      Reg. No. 2,371,197, shown below, also covers the services of *"legal services"* in International Class 42.



---

[1] The registrations-in-issue were originally obtained by Robin L. Sullivan who then assigned them to Traffic Law Center on November 24, 2009.

4996373                                                                   2

8. Traffic Law Center gives notice that the TLC Marks are registered with the U.S. Patent and Trademark Office by displaying the ® when using the TLC Marks.

9. For years, Traffic Law Center has advertised and promoted the TLC Marks in connection with the legal services Traffic Law Center provides. Traffic Law Center's advertisements and promotions have appeared in various advertisements including billboards, office marquees and displays, signs, brochures and on the radio, television and internet. In each case, Traffic Law Center prominently displays the TLC Marks.

10. As a result of Traffic Law Center's sales, advertising and promotion of the TLC Marks in connection with the legal services Traffic Law Center provides, Traffic Law Center has established and owns significant goodwill in the TLC Marks and the services offered in connection with which the TLC Marks are used. The TLC Marks are distinctive as standing for the services of Traffic Law Center. Consumers and others who use Traffic Law Center's services recognize the TLC Marks as an indicator of source and associate the TLC Marks with Traffic Law Center.

## BOSLEY'S INFRINGING ACTIVITIES

11. On information and belief, Bosley was formed in May 2004 to "provide legal services and all other legal activities." The legal services provided by Bosley include representation in traffic related offenses.

12. Unbeknownst to Traffic Law Center and long after Traffic Law Center established its rights in the TLC Marks, Bosley began using Traffic Law Center's trademarked phrase "Traffic Law Center" as well as the colorable imitation, "Traffic Law Centers", in interstate commerce in connection with the legal services offered by Bosley ("Infringing Marks").

13. One example of Bosley's infringing activity is shown below and in attached **Exhibit B**:



14. Another example of Bosley's infringing activity is shown below and in the attached **Exhibit C**.



Upon information and belief, **Exhibit C** is a page from the greater St. Louis, Missouri area *Yellow Pages* showing one of Bosley's advertisements.

15. On information and belief, Bosley also operates or is licensed to operate the website www.bosleylaw.com ("Infringing Website") wherein Bosley infringes the TLC Marks by its use of the phrase "Traffic Law Center" as shown below and in attached **Exhibit D.**

Bosley is responsible for promoting and selling the services alleged herein to infringe in this judicial district and throughout the worldwide web. The upper image is of Bosley's webpage and the lower image is an enlargement showing the infringing text.



16.     Traffic Law Center became aware of and has given notice to Bosley of Traffic Law Center's registration of the TLC Marks and requested Bosley cease and desist using the Infringing Marks but to no avail.

## COUNT I
## <u>TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114</u>

17.     Traffic Law Center incorporates herein by reference the allegations of paragraphs 1 - 16.

18. Traffic Law Center owns valid trademarks and registrations for the TLC Marks.

19. Bosley's Infringing Marks are both copies of and colorable imitations of Traffic Law Center's TLC Marks and are being used by Bosley without Traffic Law Center's consent.

20. Bosley is using the Infringing Marks in commerce for both related and identical services to those provided by Traffic Law Center and Traffic Law Center's use of the TLC Marks and such use by Bosley is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of the TLC Marks.

21. Bosley's use of the Infringing Marks has caused and continues to cause irreparable harm to Traffic Law Center, for which Traffic Law Center has no adequate remedy at law.

22. Traffic Law Center gives notice that the TLC Marks are registered with the U.S. Patent and Trademark Office by displaying the ® when using the TLC Marks.

23. Traffic Law Center requested Bosley cease and desist from its acts of trademark infringement and gave Bosley actual notice of Traffic Law Center's prior use and registrations of the TLC Marks, but Bosley refused to cease such acts thereby making Bosley's infringement willful.

24. Traffic Law Center has no adequate remedy at law inasmuch as money damages alone would not indemnify Traffic Law Center for the permanent loss of its proprietary rights, established goodwill and business reputation from the infringement caused by Bosley's use of the Infringing Marks. Unless this Court acts to enjoin Bosley, its acts herein complained of will cause irreparable damage to Traffic Law Center's property rights, goodwill, and reputation and will cause great and irreparable damage to Traffic Law Center.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

25. Traffic Law Center incorporates herein by reference the allegations of paragraphs 1 – 24.

26. Traffic Law Center owns valid trademarks and registrations for the TLC Marks.

27. Traffic Law Center advertises the TLC Marks in the Eastern District of Missouri, and has invested substantial resources to create recognition in the TLC Marks. Traffic Law Center has also used the TLC Marks in connection with legal services since at least as early as 1990. As such, the TLC Marks are distinctive, and consumers associate these marks with the services of Traffic Law Center.

28. Bosley's Infringing Marks are both copies of and confusingly similar imitations of Traffic Law Center's TLC Marks and Bosley is using the Infringing Marks despite Traffic Law Center's objections.

29. Bosley's use of the Infringing Marks for related services, including on its Infringing Website, is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of the services Bosley provides.

30. Bosley's use of the Infringing Marks is likely to cause an appreciable number of ordinary buyers to believe that Bosley and Traffic Law Center are somehow affiliated when they are not.

31. Ordinary buyers have and are likely in the future, upon encountering Bosley's Infringing Marks, to mistakenly believe that Traffic Law Center is the provider of the services when Traffic Law Center is in fact not.

32. Bosley's use of the Infringing Marks has caused and continues to cause irreparable harm to Traffic Law Center, for which Traffic Law Center has no adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

33. Traffic Law Center incorporates herein by reference the allegations of paragraphs 1 – 32.

34. Traffic Law Center owns valid trademarks and registrations for the TLC Marks.

35. Traffic Law Center advertises the TLC Marks in the Eastern District of Missouri, and has invested substantial resources to create recognition in the TLC Marks. Traffic Law Center has also used the TLC Marks in connection with legal services since at least as early as 1990. As such, the TLC Marks are inherently distinctive and/or have acquired secondary meaning and are valid common law trademarks making Traffic Law Center the rightful owner of all common law rights in the TLC Marks.

36. Bosley's Infringing Marks are both copies of and confusingly similar imitations of Traffic Law Center's TLC Marks and Bosley is using the Infringing Marks despite Traffic Law Center's objections.

37. Bosley's use in commerce of the Infringing Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Bosley with Traffic Law Center or as to the origin, sponsorship, or approval of Bosley's services or commercial activities by Traffic Law Center, thereby causing damage to the business reputation of Traffic Law Center and diluting the distinctive qualities and value of Traffic Law Center's TLC Marks.

38. Upon information and belief, Bosley's use of the Infringing Marks is done with improper motive and reckless indifference to Traffic Law Center's rights.

39. Bosley's conduct has damaged Traffic Law Center, and Bosley has been unjustly enriched by its acts.

40. Bosley's use of the Infringing Marks caused and continues to cause irreparable harm to Traffic Law Center, for which Traffic Law Center has no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

41. Traffic Law Center incorporates herein by reference the allegations of paragraphs 1 – 40.

42. Traffic Law Center owns valid trademarks and registrations for the TLC Marks.

43. Traffic Law Center advertises the TLC Marks in the Eastern District of Missouri, and has invested substantial resources to create recognition in the TLC Marks. Traffic Law Center has also used the TLC Marks in connection with legal services since at least as early as 1990. As such, the TLC Marks are distinctive, and consumers associate these marks with the services of Traffic Law Center.

44. Bosley's Infringing Marks are both copies of and confusingly similar imitations of Traffic Law Center's TLC Marks and Bosley is using the Infringing Marks despite Traffic Law Center's objections.

45. Bosley's use of the Infringing Marks for related services, including on its Infringing Website, is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of the services it provides.

46.     Bosley's use of the Infringing Marks is likely to cause an appreciable number of ordinary buyers to believe that Bosley and Traffic Law Center are somehow affiliated when they are not.

47.     Ordinary buyers have and are likely in the future upon encountering Bosley's Infringing Marks to mistakenly believe that Traffic Law Center is the provider of the services when Traffic Law Center is in fact not.

48.     Bosley's use of the Infringing Marks has caused and continues to cause irreparable harm to Traffic Law Center, for which Traffic Law Center has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Traffic Law Center requests the following relief against Bosley:

A.      Bosley, its subsidiaries, affiliates, franchisees, licensees, officers, agents, sales representatives, servants, employees, associates, successors and assigns, and all persons acting under its control, by, through, under, or in active concert or in participation with Bosley, pursuant to 15 U.S.C. § 1116, be permanently enjoined from:

1.      Using the phrase "Traffic Law Center", "Traffic Law Centers" and/or any similar imitations in any advertisements, names, domain names, court filings, governmental filings, or any other manner, and further from using the Infringing Marks or any other mark that is likely to cause confusion, mistake or deception with the TLC Marks;

2.      Using any mark or doing any act or thing likely to confuse the public that Bosley's services are in any way associated with, sponsored by, or connected with Traffic Law Center, including, but not limited to, using the Infringing Marks on the worldwide web; and

   3. Printing, publishing, promoting, lending, or distributing any advertisement, whether written, audio or visually portrayed which use or refer to Traffic Law Center's TLC Marks or any mark confusingly similar thereto.

 B. Bosley must deliver up for destruction all goods, advertising, business cards, literature, and other forms of promotional material bearing or showing the Infringing Marks, or a confusingly similar mark pursuant to 15 U.S.C. §1118;

 C. Bosley must account for all gains, profits, and advantages derived from its acts of infringement pursuant to 15 U.S.C. § 1117;

 D. A finding that this is an exceptional case under 15 U.S.C. §1117, and an award to Traffic Law Center of a sum above the amount found as actual damages not exceeding three times such amount, and its reasonable attorneys' fees;

 E. Bosley must pay Traffic Law Center its costs and disbursements in bringing this action and prejudgment and post-judgment interest as appropriate pursuant to 15 U.S.C. § 1117;

 F. Bosley must report to this Court of its compliance with the foregoing within thirty (30) days of judgment; and

 G. For such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury on all issues so triable.

                                                    Respectfully submitted,
                                                  **Thompson Coburn LLP**

By:    /s/    Matthew J. Himich
          Matthew J. Himich, #117809
          Hadi S. Al-Shathir, #527124
          One US Bank Plaza
          St. Louis, MO  63101
          (314) 552-6000
          (314) 552-7000 (fax)

          Attorneys for the Plaintiff
          Traffic Law Center of Sullivan
          & Associates, LLC